# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| **TONNETTE GARZA-PREVATT,**[1] individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| **MAGNA LEGAL SERVICES, LLC,** | **PROPOSED CLASS ACTION** |
| Defendant. | |

Plaintiff Tonnette Garza-Prevatt, individually and on behalf of the Class defined below of similarly situated persons ("Plaintiff and Class Members"), allege the following against Defendant Magna Legal Services, LLC ("Defendant" or "Magna"). The following allegations are based on Plaintiff's knowledge, investigations by Plaintiff's counsel, facts of public record, and information and belief:

## NATURE OF THE ACTION

1.      Plaintiff seeks to hold Defendant responsible for the damages Defendant caused to  Plaintiff and thousands of others due to Defendant's egregious policy of denying Plaintiff full and equal enjoyment of Defendant's services, facilities, and privileges by subjecting Plaintiff to surcharges based on her disability.

---

[1] Formerly Tonnette Garza-Fitzwater.

2.      Through this action, Plaintiff seeks to remedy these damages on behalf of herself and all similarly situated individuals whom Defendant subjected to surcharges on the basis of their disabilities.

3.      Plaintiff brings this action against Defendant and asserts claims for violation of Title III of the Americans with Disabilities Act, unjust enrichment, and violation of the Florida Deceptive and Unfair Trade Practices Act.

## PARTIES

4.      Plaintiff Tonnette Garza-Prevatt is a natural person, resident, and citizen of Duval County, Florida.

5.      Defendant Magna Legal Services, LLC is a limited liability company with its principal place of business located at 1635 Market Street, 8th Floor, Philadelphia, PA 19103.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because this is a class action involving more than 100 putative class members and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Federal question jurisdiction exists under 28 U.S.C. §§ 1331 and 1337 because Plaintiff asserts claims arising under federal law as Plaintiff brings this Action to remedy violations of the Americans with Disabilities Act. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as

2

all claims arise from the same facts and circumstances and form part of the same case or controversy.

7.      This Court has personal jurisdiction over Defendant Magna because Magna regularly conducts substantial business in Florida.

8.      Venue is proper in this District under 28 U.S.C. §§ 1391(a)(2), 1391(b)(2), and 1391(c)(2) because substantial part of the events giving rise to the claims emanated from activities within this District, and Defendant conducts substantial business in this District.

## FACTUAL ALLEGATIONS

*Defendant's Business*

9.      Defendant Magna is a company that provides "end-to-end litigation support services to law firms, corporations, and governmental agencies throughout the world."[2]

10.     Magna offers a variety of services relating to court reporting and depositions, including transcript and exhibit repositories, e-transcripts, interpretation/translation, and condensed transcripts.[3]

11.     Defendant Magna is an entity covered by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

---

[2] *Assuring Your Needs Are Covered*, Magna Legal Services, LLC, https://magnals.com/our-philosophy/ (last accessed October 6, 2025).
[3] *Court Reporting & Virtual Deposition Services*, Magna Legal Services, LLC, https://magnals.com/services/court-reporting-virtual-depositions/ (last accessed October 6, 2025).

12.    Plaintiff and Class Members are 'qualified individuals with a disability,' as defined in the Americans with Disabilities Act, 42 U.S.C. § 12102, who used Defendant's transcription services for her lawsuit against her employer.

***Defendant Charged Plaintiff Illegal Surcharges Based on Her Disability***

13.    Plaintiff Tonnette Garza-Prevatt was born Deaf and uses American Sign Language (ASL) interpreters to effectively communicate in many settings, including legal settings.

14.    On November 21, 2022, Plaintiff Garza-Prevatt filed an employment discrimination lawsuit against her employer in the United States District Court for the Middle District of Florida.

15.    During the pendency of that litigation, several Deaf and hearing witnesses were deposed from September of 2023 to February of 2024.

16.    During the in-person and remote depositions, professional ASL interpreters were used to facilitate communication so that Plaintiff Garza-Prevatt could participate in the deposition process and provide testimony.

17.    ASL interpreters were retained by the Plaintiff..

18.    At no time did the Defendant provide a court reporter who was fluent in ASL, nor did any court reporter act in the capacity of an ASL interpreter for the depositions.

19.    Transcripts of Plaintiff's deposition and a Deaf witness were ordered, and the invoices reflects surcharges of 75 cents ($0.75) per transcribed page in certain

4

instances and one dollar ($1.00) per transcribed page in other instances for "Interpreted & Video Transcription" pages. The Defendant charged this fee based solely on Plaintiff Garza-Prevatt's deafness and her Deaf witness's, use of an ASL interpreter, which Defendant did not secure, and was present.

20.     The surcharges for "Interpreted & Video Transcription" in Plaintiff's case did not apply to orders for a deposition transcript for which an ASL interpreter was not present at the deposition.

21.     Plaintiff Garza-Prevatt paid the transcript invoices, including the illegal surcharges for "Interpreted & Video Transcription"  as part of the costs of her lawsuit filed in the Middle District of Florida.

22.     As a result of Defendant's actions described above, Plaintiff Garza-Prevatt was discriminated against based on her disability and subjected to a deprivation of her rights to non-discrimination.

23.     As a result of Defendant's actions described above, Plaintiff Garza-Prevatt was subjected to illegal surcharges on the basis of her disability.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this class action individually and on behalf of all similarly situated persons under Federal Rule of Civil Procedure 23. Plaintiff seeks certification under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) of the following Classes:

**Nationwide Class**:

All people in the United States with disabilities as the term is defined by 42 U.S.C. § 12102(2), including those persons who have an

impairment that substantially limits a major life activity, including but not limited to such impairments affecting hearing and speech, who have been and who were, prior to the filing of the Class Action Complaint through the pendency of this action, entitled to the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the Defendant's services, because of their respective disabilities, including but not limited to being subjected to a surcharge for the transcription of deposition pages on the basis of their need for the accommodation to which they are entitled.

**The FDUTPA Subclass**:

All people residing in the state of Florida with disabilities as the term is defined by 42 U.S.C. § 12102(2), including those persons who have an impairment that substantially limits a major life activity, including but not limited to such impairments affecting hearing and speech, who have been and who were, prior to the filing of the Class Action Complaint through the pendency of this action, entitled to the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the Defendant's services, because of their respective disabilities, including but not limited to being subjected to a surcharge for the transcription of deposition pages on the basis of their need for the accommodation to which they are entitled.

25.    The Classes defined above are readily ascertainable from information in Defendant's possession. Thus, such identification of Class Members will be reliable and administratively feasible.

26.    Excluded from the Classes are: (1) any judge or magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, affiliated entities, and any entity in which Defendant or their parents have a controlling interest, and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the

merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; (6) members of the jury; and (7) the legal representatives, successors, and assigns of any such excluded persons.

27.    Plaintiff reserves the right to amend or modify the Class definitions as this case progresses.

28.    Plaintiff satisfies the numerosity, commonality, typicality, and adequacy requirements under Fed. R. Civ. P. 23.

29.    **Numerosity**. Class Members are numerous such that joinder is impracticable. While the exact number of Class Members is unknown to Plaintiff at this time, based on information and belief, the Classes consist of thousands of individuals who were harmed by  Defendant's misconduct.

30.    **Commonality**. There are many questions of law and fact common to the Classes. And these common questions predominate over any individualized questions of individual Class Members. These common questions of law and fact include, without limitation:

a.    Whether Defendant is a place of public accommodation, as defined by Title III of the Americans with Disabilities Act;

b.    Whether, as a result of Defendant's misconduct, Plaintiff and Class Members suffered a deprivation of their statutory rights to non-discrimination on the basis of their disabilities;

c.     Whether Defendant acted maliciously to damage the rights and dignity of Plaintiff and Class Members;

d.     If Defendant was unjustly enriched by unlawfully retaining a benefit conferred upon it by Plaintiff and Class Members;

e.     If Defendant's misconduct was unfair and/or unconscionable within the meaning of the Florida Deceptive and Unfair Trade Practices Act; and

f.     If Plaintiff and Class Members are entitled to damages, civil penalties, punitive damages, treble damages, and/or injunctive relief.

31.    **Typicality**. Plaintiff's claims are typical of those of other Class Members because Plaintiff, like every other Class Member, was discriminated against by Defendant's illegal surcharging practices on the basis of disability.

32.    **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the Members of the Classes. Plaintiff's counsel is competent and experienced in litigating complex class actions, and fluent in American Sign Language. Plaintiff has no interests that conflict with, or are antagonistic to, those of the Classes.

33.    **Predominance**. Defendant has engaged in a common course of conduct toward Plaintiff and Class Members, in that Plaintiff and Class Members were charged by Defendant surcharges for Defendant's services on the basis of Plaintiff's and Class

Members' disabilities. The common issues arising from Defendant's conduct affecting Class Members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

34.    **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most Class Members would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant. In contrast, the conduct of this action as a Class action presents far fewer management difficulties, conserves judicial resources, the parties' resources, and protects the rights of each Class Member.

35.    The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

36.    Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

9

37.    Likewise, particular issues under Federal Rule of Civil Procedure 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include those set forth above.

38.    Defendant has acted on grounds that apply generally to the Classes as a whole, so that Class certification, injunctive relief, and corresponding declaratory relief are appropriate on a Class-wide basis.

## CLAIMS FOR RELIEF

### I.    FIRST CAUSE OF ACTION
**Violation of Title III of the Americans with Disabilities Act**
**42 U.S.C. § 12101, *et seq.***
**(On Behalf of Plaintiff and the Nationwide Class)**

39.    Plaintiff re-alleges and incorporates by reference paragraphs 1 to 38 of the Complaint as if fully set forth herein.

40.    Defendant is an entity covered by Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

41.    Defendant Magna is a place of public accommodation, as defined by Title III of the ADA, 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

42.    Title III of the ADA states that no person shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations by any person who owns or operates a place of public accommodation. 42 U.S.C. § 12182(a).

10

43.    The statute defines discriminatory conduct as affording an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182 (b)(1)(A)(ii).

44.    The statute prohibits, directly or through contractual or other arrangements, utilizing standards or criteria or methods of administration-- (i) that have the effect of discriminating on the basis of disability; or (ii) that perpetuate the discrimination of others who are subject to common administrative control. 42 U.S.C. § 12182(b)(1)(D).

45.    The ADA prohibits the imposition of a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids, barrier removal, alternatives to barrier removal, and reasonable modifications in policies, practices, or procedures, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part. 28 C.F.R. § 36.301 (c ).

46.    As a result of Defendant's actions described above, Plaintiff suffered a deprivation of her rights to non-discrimination on the basis of her disability.  In engaging in this unlawful conduct described above, Defendant acted maliciously to damage the rights and dignity of Plaintiff.

47.    Plaintiff and Class Members seek declaratory and injunctive relief reasonable attorneys' fees and costs, and any other relief that is just and proper against Defendant under Title III of the ADA, 42 U.S.C. § 12881(a)(1).

## II.    SECOND CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of Plaintiff and the Nationwide Class)

48.    Plaintiff re-alleges and incorporates by reference paragraphs 1 to 38 of the Complaint as if fully set forth herein.

49.    Plaintiff and Class Members conferred a benefit onto Defendant by paying Defendant unlawful surcharges simply for having an ASL interpreter present during proceedings, which were passed on to Defendant as profit.

50.    Defendant enriched itself by receiving the surcharges imposed by Defendant upon Plaintiff and Class Members. Defendant deliberately chose to engage in such practice at the expense of Plaintiff and Class Members by imposing a surcharge for transcribing proceedings where an ASL interpreter was present in order for Plaintiff and Class Members to communicate during the proceedings being transcribed.

51.    Plaintiff and Class Members suffered as a direct and proximate result of Defendant's discriminatory misconduct on the basis of Plaintiff's and Class Members' disabilities.

52.    Under the principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiff and Class Members,

because Defendant discriminated against Plaintiff and Class Members on the basis of their disabilities—which is unlawful under the Americans with Disabilities Act.

53.    Plaintiff and Class Members have no adequate remedy at law.

54.    As a direct and direct an proximate result of Defendant's conduct, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the wrongful conduct of Defendant; (ii) loss of benefit of the bargain; (iii) future costs in terms of time, effort and money that will be expended to remunerate Plaintiff and Class Members the unlawful monies paid to Defendant; and (iv) any nominal damages that may be awarded.

55.    Plaintiff and Class Members are entitled to restitution and/or damages from Defendant and/or an order proportionally disgorging all profits, benefits, and other compensation obtained by Defendant from its wrongful conduct. This can be accomplished by establishing a constructive trust from which the Plaintiff and Class Members may seek restitution or compensation.

### III.    THIRD CAUSE OF ACTION
**Violation of the Florida Deceptive and Unfair Trade Practices Act**
**Fla. Stat. § 501.201**
**(On Behalf of Plaintiff and the FDUTPA Subclass)**

56.    Plaintiff re-alleges and incorporates by reference paragraphs 1 to 38 of the Complaint as if fully set forth herein.

57.    Plaintiff brings this claim on behalf of herself and the FDUTPA Subclass.

58.     Plaintiff and FDUTPA Subclass Members are "consumers" as defined by Fla. Stat. § 501.203.

59.     Defendant advertised, offered, or sold goods or services in Florida and engaged in trade or commerce directly or indirectly affecting the people of Florida.

60.     Defendant engaged in unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of Fla. Stat. § 501.204(1), including:

     a. Imposing fees it terms "Interpreter & Video Transcription" fees which, in fact, are price increases imposed by Defendant on the basis of Plaintiff's and Subclass Members' disabilities, in violation of Title III of the ADA, 42 U.S.C. § 12101, *et seq.*; and

     b. Charging surcharges which do not offset any increased costs but rather directly contribute to Defendant's bottom line.

61.     As a result of the unfair practices described above, Plaintiff and FDUTPA Subclass Members were damaged in that they paid the illegal surcharges to their detriment, and seek to recover the entirety of the amounts paid

62.     Plaintiff and FDUPTA Subclass Members seek all monetary and nonmonetary relief allowed by law, including actual damages under Fla. Stat. § 501.211; declaratory and injunctive relief; reasonable attorneys' fees and costs, under Fla. Stat. § 501.2105(1); and any other relief that is just and proper.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

A.  An Order certifying this action as a class action and appointing Plaintiff as the Class Representative;

B.  An Order finding and holding that Plaintiff has suffered from Defendant's acts of discrimination, on the basis of disability, in violation of the Florida Deceptive and Unfair Trade Practices Act and Title III of the Americans with Disabilities Act;

C.  An Order issuing a declaratory judgment that Defendant's policies, procedures, and practices have subjects Plaintiff to discrimination in violation of the Florida Deceptive and Unfair Trade Practices Act and Title III of the Americans with Disabilities Act;

D.  An Order requiring Defendant to pay restitution to Plaintiffs by disgorging; all profits, benefits, and other compensation obtained by Defendant from its wrongful conduct;

E.  An Order enjoining Defendant from creating and/or implementing any policy procedure, or practice that will deny Deaf individuals, such as Plaintiff, equal access to and an equal opportunity to participate in and benefit from Defendant's services;

15

F.   An Order enjoining Defendant from charging illegal surcharges to Deaf individuals who use their services;

G.   An Order requiring Defendant to train its employees about Plaintiff's rights and the rights of individuals who are Deaf;

H.   An Order enjoining Defendant from further unfair practices;

I.   An award of damages, including actual, nominal, consequential damages, and punitive, as allowed by law in an amount to be determined;

J.   An award of attorneys' fees, costs, and litigation expenses, as allowed by law;

K.   An award of pre- and post-judgment interest, costs, attorneys' fees, expenses, and interest as permitted by law;

L.   Granting the Plaintiff and the Class leave to amend this Complaint to conform to the evidence produced at trial;

M.   For all other Orders, findings, and determinations identified and sought in this Complaint; and

N.   Such other and further relief as this court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for any and all issues in this action so triable as of right.

Dated: October 16, 2025.

Respectfully Submitted,

16

*/s/    John A. Yanchunis*
JOHN A. YANCHUNIS
Fla. Bar No. 324681
jyanchunis@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 275-5272
Fax: (813) 222-4736
Lead Counsel

Sharon Caserta, Esq.
Fla. Bar No. 0023117
scaserta@forthepeople.com
**MORGAN & MORGAN PLLC.**
**Deaf/Disability Unit**
501 Riverside Ave., Suite 1200
Jacksonville, FL 32202
Phone: (904) 361-0078
Videophone (904) 245-1121
Fax: (904) 361-4305

*Counsel for Plaintiff and the Class*

17